E-filing

1  Laurence F. Padway (SBN: 089314)
   LAW OFFICES OF LAURENCE F. PADWAY
2  1516 Oak Street, Suite 109
   Alameda, California 94501
3  Telephone: (510) 814-6100
   Facsimile: (510) 814-0650
4

5  David J. Linden (SBN: 041221)
   P. O. Box 5780
6  Napa, California 94581
   Telephone: (707) 252-7007
7  Facsimile: (707) 252-7883

8  Attorneys for Plaintiff,
   Patricia Broyles
9

10                    UNITED STATES DISTRICT COURT
11                   NORTHERN DISTRICT OF CALIFORNIA
12

13  PATRICIA BROYLES,                    No. C07-05305

14                                       COMPLAINT FOR
15         Plaintiff,                    ERISA BENEFITS
       vs.
16
    A.U.L. CORPORATION LONG-TERM
17  DISABILITY INSURANCE PLAN,

18         Defendant,
                                    /
19
    STANDARD INSURANCE COMPANY,
20

21         Real Party In Interest.
                                    /
22

23

24         Comes now Plaintiff alleging of Defendant and Real Party In Interest, as follows:

25                                   **Jurisdiction**

26         1. This suit seeks review of a denial of benefits under a long-term disability plan

27  covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. §1132.

28  Federal jurisdiction arises under ERISA section 502(f), 28 U.S.C. §1132(f).

**Complaint for ERISA Benefits**                1

**Facts**

2. Plaintiff is a beneficiary of the A.U.L. Corporation Long-Term Disability Insurance Plan (the "Plan"), which resides within this judicial district. The Plan is an employee welfare benefit plan subject to ERISA. Plaintiff's former employer, A.U.L. Corporation ("A.U.L."), located in Napa, California, is named in the Plan document as the Plan Administrator.

3. The Plan provides for payment of disability benefits under group insurance policy No. 638213-T issued by Real Party In Interest, Standard Insurance Company ("Standard"). Standard is a corporation that insures the Plan and acts as the claims administrator for the Plan.

4. Plaintiff had a calcaneal osteotomy on her right foot on or about March 18, 2005. At that time, Plaintiff was employed by A.U.L. as a claims payable supervisor.

5. Plaintiff returned to work after her surgery, but her condition worsened to such extent that she became unable to perform the material duties of her job with reasonable continuity. Plaintiff stopped working altogether on or about September 14, 2005. Plaintiff was covered under the Plan at the time she stopped working.

6. Plaintiff applied for long-term disability benefits under the Plan on or about November 28, 2005. By letter dated March 28, 2006, Standard denied Plaintiff's claim for benefits.

7. Pursuant to the terms of the Plan, by letter dated July 25, 2006, Plaintiff requested that Standard review its denial of her claim. By letter dated February 7, 2007, Standard upheld its denial of Plaintiff's claim.

8. By its own action, Standard initiated an administrative review of Plaintiff's claim. By letter dated March 15, 2007, Standard once again upheld its denial of Plaintiff's claim.

9. Plaintiff was disabled under the terms of the Plan when she stopped working, and she has remained continuously disabled since then. Plaintiff has received regular medical care, has completed all necessary forms and paperwork, and has otherwise qualified for benefits under the Plan. Because Plaintiff satisfied the Plan requirements for disability benefits, the denial of her claim by Standard was wrongful and arbitrary.

10. The Plan pays a monthly benefit equal to 60% of monthly earnings, less applicable offsets, after a ninety-day benefit waiting period. The Plan provides for a minimum benefit of $100.00 per month.

11. Plaintiff was approved for and received California state disability income ("SDI") benefits of approximately $629.00 per week. Plaintiff's SDI benefits ended on or about June 12, 2006. In June 2007, Plaintiff was approved for Social Security Disability Income ("SSDI") benefits of $964.40 per month, effective as of March 2006. Both SDI and SSDI benefits are offsets under the Plan.

12. After taking into account the SDI and SSDI offsets, Plaintiff has lost past benefits due her under the Plan in a total amount of approximately $21,758.85, plus interest thereon.

13. After taking into account the SSDI offset, Plaintiff is entitled to future benefits of approximately $1,410.59 per month for the duration of her disability or to November 15, 2018, when she shall attain age 65.

14. Plaintiff has been compelled to retain counsel to collect the benefits owed to her under the Plan, and she is entitled to reasonable attorneys fees under ERISA in an amount dependent upon the extent of litigation required and subject to proof at trial.

//

//

Wherefore, based on the foregoing allegations, Plaintiff prays for relief as set forth below:

1. For past long-term disability benefits due her to date, calculated under the terms of the Plan and with the SDI and SSDI offsets, in the approximate sum of $21,758.85, or according to proof;

2. For future benefits, calculated with the SSDI offset, of approximately $1,410.59 per month from and after September 14, 2007, or according to proof;

3. For attorneys fees, according to proof;

4. For prejudgment interest, according to proof;

5. For such other and further relief as the court deems just and proper.

Dated: October 18, 2007

Laurence F. Padway
Attorney for Plaintiff
PATRICIA BROYLES

**Complaint for ERISA Benefits**                    4