1  Shawn Hanson (State Bar No. 109321)
   shanson@jonesday.com
2  Katherine S. Ritchey (State Bar No. 178409)
   ksritchey@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA  94104-1500
   Telephone:     (415) 626-3939
5  Facsimile:     (415) 875-5700

6  Attorneys for STANDARD INSURANCE
   COMPANY and A.U.L. CORPORATION LONG-
7  TERM DISABILITY INSURANCE PLAN

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  PATRICIA BROYLES,                    Case No. C07-05305-WDB-ADR

12           Plaintiff,                  **ANSWER AND DEFENSES TO**
                                         **PLAINTIFF BROYLES' COMPLAINT**
13       v.

14  A.U.L. CORPORATION LONG-TERM
    DISABILITY INSURANCE PLAN,

15           Defendant,

16  _____

17  STANDARD INSURANCE COMPANY,

18           Real Party In Interest.

19

20                         **ANSWER AND DEFENSES**

21       A.U.L. Corporation Long-Term Disability Insurance Plan ("A.U.L. Disability Plan")

22  answers the Complaint of Patricia Broyles as stated below.

23       Standard Insurance Company ("Standard") is described as "Real Party in Interest" in the

24  Complaint and contends that no response is required.  To the extent, and only to the extent, that a

25  response to the Complaint is required by Standard, it hereby joins in the Answer of A.U.L.

26  Disability Plan and admits, avers, and denies the allegations of the Complaint as stated in this

27  Answer and alleges each defense stated by A.U.L. Disability Plan.

28

SFI-573972v1                             Answer and Defenses to Plaintiff Broyles' Complaint;
                                         C0-05305-WDB-ADR

1.     In response to paragraph 1 of the Complaint, A.U.L. Disability Plan avers that this Court has jurisdiction because the claim is governed by ERISA. Other than as averred, A.U.L. Disability Plan denies each and every allegation in paragraph 1.

2.     In response to paragraph 2 of the Complaint, A.U.L. Disability Plan admits that A.U.L. Disability Plan resides in this judicial district and is governed by ERISA. A.U.L. Disability Plan also admits that A.U.L. Corporation is located in Napa, California and is named in the A.U.L. Disability Plan documents as the Plan Administrator. Other than as admitted, A.U.L. Disability Plan denies each and every allegation in paragraph 2.

3.     In response to paragraph 3 of the Complaint, A.U.L. Disability Plan admits that the A.U.L. Disability Plan provides for disability benefits pursuant to insurance policy No. 638213-T, group number 623691-C, issued by Standard (the "Plan Policy"). A.U.L. Disability Plan also avers Standard is a corporation that insures the Plan and acts as the claims administrator for the A.U.L. Disability Plan. Other than as admitted and averred, A.U.L. Disability Plan denies each and every allegation in paragraph 3.

4.     In response to paragraph 4 of the Complaint, A.U.L. Disability Plan avers that it is informed and believes that Plaintiff was employed by A.U.L. Corporation as a claims payable supervisor and had calcaneal osteotomy on her right foot on or about March 18, 2005. Other than as averred, A.U.L. Disability Plan denies each and every allegation in paragraph 4.

5.     In response to paragraph 5 of the Complaint, A.U.L. Disability Plan avers that Plaintiff returned to work after her surgery, and that on or about September 14, 2005, she stopped working again. Other than as averred, A.U.L. Disability Plan denies each and every allegation in paragraph 5.

6.     In response to paragraph 6 of the Complaint, A.U.L. Disability Plan admits the allegations in paragraph 6.

7.     In response to paragraph 7 of the Complaint, A.U.L. Disability Plan admits that by letter dated July 25, 2006, Plaintiff requested that Standard review its denial of her claim. A.U.L. Disability Plan also admits that by letter dated February 7, 2007, Standard upheld its denial of

1  Plaintiff's claim. Other than as admitted, A.U.L. Disability Plan denies each and every allegation
2  in paragraph 7.

3      8.    In response to paragraph 8 of the Complaint, A.U.L. Disability Plan admits that
4  Standard conducted an administrative review and that by letter dated March 15, 2007, Standard
5  upheld the denial of Plaintiff's claim. Other than as admitted, A.U.L. Disability Plan denies each
6  and every allegation in paragraph 8.

7      9.    In response to paragraph 9 of the Complaint, A.U.L. Disability Plan denies each
8  and every allegation therein.

9      10.    In response to paragraph 10 of the Complaint, A.U.L. Disability Plan avers that the
10  terms of the Plan Policy speak for themselves. Other than as averred, A.U.L. Disability Plan
11  denies each and every allegation in paragraph 10.

12      11.    In response to paragraph 11 of the Complaint, A.U.L. Disability Plan avers that it
13  is informed and believes that Plaintiff received State Disability Benefits of approximately
14  $629.00 a week for some period of time, and that the terms of the Plan Policy speak for
15  themselves. A.U.L. Disability Plan has no information in regard to Plaintiff's allegation that she
16  has been approved for Social Security Disability Income benefits, and on that basis denies the
17  allegation. Other than as averred, A.U.L. Disability Plan denies each and every allegation in
18  paragraph 11.

19      12.    In response to paragraph 12 of the Complaint, A.U.L. Disability Plan denies each
20  and every allegation therein.

21      13.    In response to paragraph 13 of the Complaint, A.U.L. Disability Plan denies each
22  and every allegation therein.

23      14.    In response to paragraph 14 of the Complaint, A.U.L. Disability Plan avers that it
24  appears that Plaintiff has retained counsel. Other than as averred, A.U.L. Disability Plan denies
25  each and every allegation in paragraph 14.

26
27
28

**FIRST DEFENSE**

The Complaint, and each cause of action and/or claim for relief, fails to set forth facts sufficient to state a claim upon which relief may be granted and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief whatsoever.

**SECOND DEFENSE**

Plaintiff is not entitled to benefits under the terms and conditions of the Plan Policy and A.U.L. Disability Plan is informed and believes that Plaintiff was informed of any rights and claims that she may have against it. Plaintiff conducted herself in such a way as to lead A.U.L. Disability Plan to believe that she relinquished any rights she had against it and A.U.L. Disability Plan has relied upon this conduct to its detriment. Plaintiff, therefore, is estopped from seeking damages or other relief based upon the allegations of the Complaint.

**THIRD DEFENSE**

A.U.L. Disability Plan is informed and believes that, at all times relevant to the matters alleged in the Complaint, Plaintiff was fully informed of the alleged rights she now asserts. Plaintiff has acted in a manner inconsistent with those rights and, accordingly, has waived the claims she now asserts.

**FOURTH DEFENSE**

The determination with respect to benefits was neither arbitrary nor capricious.

**FIFTH DEFENSE**

A.U.L. Disability Plan has performed all obligations required by the Plan Policy. Plaintiff is not entitled to any payment pursuant to the Plan Policy and the payment of any amount, as demanded by the Plaintiff, would amount to a windfall and unjust enrichment.

**SIXTH DEFENSE**

To the extent A.U.L. Disability Plan engaged in any of the acts complained of, such acts were excused, justified and/or privileged.

**SEVENTH DEFENSE**

A.U.L. Disability Plan reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**EIGHTH DEFENSE**

To the extent that the complaint purports to state claims against Standard, all allegations seeking relief under ERISA are improperly pled against Standard. <u>Gelardi v. Pertec Computer Corp.</u>, 761 F.2d 1323, 1324 (9th Cir. 1985); 29 U.S.C. §§ 1132(a)(1)(B); 1132(d).

WHEREFORE, A.U.L. Disability Plan prays as follows:

1. That Plaintiff take nothing by virtue of the Complaint herein;
2. That the Complaint in its entirety be dismissed, with prejudice;
3. For costs of suit and attorneys' fees herein incurred; and
4. For such other and further relief as the Court may deem just and proper.

Dated: December 4, 2007.                    Respectfully submitted,

                                            JONES DAY


                                            By: /s/ - Katherine S. Ritchey
                                                Katherine S. Ritchey

                                            Counsel for STANDARD INSURANCE
                                            COMPANY and A.U.L. CORPORATION
                                            LONG-TERM DISABILITY INSURANCE
                                            PLAN