1  Laurence F. Padway (SBN: 089314)
   LAW OFFICES OF LAURENCE F. PADWAY
2  1516 Oak Street, Suite 109
   Alameda, California 94501
3  Telephone: (510) 814-6100
   Facsimile: (510) 814-0650
4
   David J. Linden (SBN: 041221)
5  P.O. Box 5780
   Napa, California 94581
6  Telephone: (707) 252-7007
   Facsimile: (707) 252-7883
7
   Attorneys for Plaintiff,
8  PATRICIA BROYLES

9  Shawn Hanson (SBN 109321)
   shanson@jonesday.com
10 Katherine S. Ritchey (SBN 178409)
   ksritchey@jonesday.com
11 JONES DAY
   555 California Street, 26th Floor
12 San Francisco, CA  94104
   Telephone:     (415) 626-3939
13 Facsimile:     (415) 875-5700

14 Attorneys for Defendant A.U.L. CORPORATION
   LONG-TERM DISABILITY INSURANCE PLAN and
15 Real Party in Interest STANDARD INSURANCE
   COMPANY

16

17                     UNITED STATES DISTRICT COURT

18                    NORTHERN DISTRICT OF CALIFORNIA

19

20  PATRICIA BROYLES,                    Case No. C-07-05305-MMC

21         Plaintiff,                    **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

22      v.

23  A.U.L. CORPORATION LONG-TERM         DATE:  February 1, 2008
    DISABILITY INSURANCE PLAN,           TIME:  10:30 a.m.
24                                       JUDGE: The Hon. Maxine M. Chesney
           Defendant,                    DEPT.: Courtroom 7
25
                                         **Signature Via Facsimile**
26
    STANDARD INSURANCE COMPANY,
27
           Real Party in Interest.
28

SFI-576774v2                                              Joint Status Report
                                                          C-7-05305-MMC

Pursuant to Local Rules 16-9 and Federal Rule of Civil Procedure 26(f), plaintiff Patricia Broyles ("Plaintiff") and defendant A.U.L. Corporation Long-Term Disability Plan ("A.U.L. Disability Plan") and Real Party in Interest Standard Insurance Company ("Standard") respectfully submit this Joint Case Management Statement in connection with the Case Management Conference currently scheduled for February 1, 2007.

1. **Jurisdiction and Service**

This Court has original jurisdiction under 28 U.S.C. § 1331 in that this action arises under the Employee Retirement Income Security Act of 1974 ("E.R.I.S.A."), 29 U.S.C. § 1132.  Venue is proper in this court under 28 § U.S.C. 1132(g).  All parties have been served at this point.

2. **Facts**

A.U.L. Corporation provided certain employee benefits, including long term disability coverage, to its employees.  The long term disability coverage was funded by a group long-term disability insurance policy (the "Plan Policy") issued by Standard.

Plaintiff ceased work on or about September 14, 2005. On or about November 28, 2005, Plaintiff submitted a claim for long-term disability benefits pursuant to the Plan Policy.  On or about March 28, 2006, Standard denied Plaintiff's claim for long term benefits.  Plaintiff requested that Standard review its decision to deny benefits for Plaintiff's disability beginning September 15, 2005, and Standard upheld its denial of Plaintiff's claim by letter dated February 7, 2007.  Standard initiated an administrative review of Plaintiff's claim and notified Plaintiff by letter dated March 15, 2007 that this review had not changed its earlier determination to deny Plaintiff's claim for benefits.  In this lawsuit, Plaintiff seeks benefits since September 15, 2005, and Standard maintains that Plaintiff is not entitled to any relief.

3. **Legal Issues**

The primary legal issue is whether Plaintiff was entitled to benefits under the terms of the Plan Policy, which is governed by E.R.I.S.A.

4. **Motions**

If Plaintiff intends to seek discovery outside the administrative record, Standard

1 anticipates filing a motion regarding the scope of the Court's review under E.R.I.S.A. to
2 determine if evidence outside the administrative record will be admissible and, therefore, if
3 discovery is appropriate.

4     In addition, Plaintiff and Standard anticipate filing dispositive motions. The parties
5 propose that all dispositive motions be filed no later than June 27, 2008.

6   5. **Amendments of Pleadings**

7     The parties do not currently anticipate amendment of the pleadings.

8   6. **Evidence Preservation**

9     The parties have taken steps to preserve evidence relevant to the issues reasonably evident
10 in this action. At this point, the parties agree that relevant evidence likely will be contained in the
11 parties' initial disclosures, and that this case does not implicate electronic discovery, thereby
12 obviating the need to preserve electronic information unless and until either party notifies the
13 other in writing.

14   7. **Disclosures**

15     The parties do not currently believe any changes to the timing, form or requirements for
16 disclosures under Rule 26(a) are necessary and intend to make disclosures within the timeframe
17 required by Rule 26.

18   8. **Discovery**

19     Standard does not anticipate further discovery because this is an E.R.I.S.A. case and the
20 Court's review will be limited to the administrative record, which was produced in initial
21 disclosures. To the extent Plaintiff contends otherwise, the parties provide the following
22 discovery plan pursuant to Federal Rule of Civil Procedure 26(f):

23     Standard contends that in E.R.I.S.A. cases the Court's review is limited to the
24     administrative record and, therefore, that discovery is not reasonably calculated to lead to
25     the discovery of admissible evidence. If Plaintiff seeks discovery outside the
26     administrative record, which has been produced in initial disclosures, the parties will meet
27     and confer in an attempt to resolve the issue informally. If necessary, the parties will
28     submit briefing to the Court on this issue.

1  9. **Class Actions**

2  Not applicable.

3  10. **Related Cases**

4  This case is not related to any other case pending in this district, including the bankruptcy
5  courts in this district.

6  11. **Relief**

7  Plaintiff seeks disability benefits based upon a date of disability of September 15, 2005,
8  amounting in the approximate sum of $21,758.85, future benefits of approximately $1,410.59 per
9  month from and after September 14, 2007, costs of suit, and attorneys' fees. Standard disputes
10 that Plaintiff is entitled to any benefits or other relief under the Plan Policy, or at all, and seeks an
11 award of its costs and attorneys' fees.

12 12. **Settlement and ADR**

13 The parties believe that an early mediation is appropriate for this case, and have agreed to
14 pursue ADR through a court-appointed mediator.

15 13. **Consent to a Magistrate Judge for All Purposes**

16 Standard declined assignment of this case to a magistrate judge for all purposes.

17 14. **Other References**

18 The parties do not believe that this case is suitable for reference to binding arbitration, a
19 special master, or the Judicial Panel on Multidistrict Litigation.

20 15. **Narrowing of Issues**

21 The parties do not believe that the issues can be narrowed at this point.

22 16. **Expedited Schedule**

23 Because the Court's review will be limited to the administrative record, the parties agree
24 that an expedited schedule is appropriate if the matter is not resolved by early mediation.
25 Specifically, the parties contemplate resolution of the case by dispositive motions on the
26 administrative record. The motions will substitute for a trial.

27 17. **Scheduling**

28 The parties agree to file dispositive motions on June 27, 2008. The parties agree to file

responses on July 18, 2008. The parties will be prepared for an argument on the motions at the Court's earliest convenience thereafter, and propose an argument on August 1, 2008.

18. **Trial**

The parties propose that the motion briefing schedule proposed above serves as a trial on the administrative record, with oral argument lasting approximately one-half day on or about August 1, 2008.

19. **Disclosure of Non-Party Interested Entities or Persons**

Standard filed a "Certification of Interested Entities or Persons" in which it disclosed that StanCorp Financial Group, Inc., parent company of Standard, is an interested entity in this matter.

20. **Other**

There are currently no other matters to facilitate the disposition of this action.

| | | |
|---|---|---|
| 1 | Dated: January 15, 2007 | Respectfully submitted, |
| 2 | | Jones Day |
| 3 | | |
| 4 | | By: /s/ Katherine S. Ritchey |
| 5 | | |
| 6 | | Counsel for Defendant A.U.L. CORPORATION LONG-TERM DISABILITY INSURANCE PLAN and Real Party in Interest STANDARD INSURANCE COMPANY |
| 7 | | |
| 8 | | |
| 9 | Dated: January 15, 2007 | Law Offices of Laurence F. Padway |
| 10 | | |
| 11 | | By: /s/ Laurence F. Padway |
| 12 | | |
| 13 | | Counsel for Plaintiff PATRICIA BROYLES |