LAW OFFICES OF
## JULIAN M. BAUM & ASSOCIATES
9 Tenaya Lane
Novato, California 94947
Writer's Direct Telephone (415) 892-3152
Writer's Direct Fax: (888) 452-3849
E-Mail: jmb@jmbaum.com

March 20, 2008

*VIA E-MAIL*

Laurence F. Padway
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, CA 94501
E-mail:  Lpadway@padway.com

David Joseph Linden
Attorney at Law
P.O. Box 5780
Napa, CA 94581
E-mail:  djl7007@sbcglobal.net

Shawn Hanson
Katherine S. Ritchey
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
E-Mail:  shanson@jonesday.com
         ksritchey@jonesday.com

    **RE:**    Broyles v. A.U.L. Corporation Long-Term Disability Ins. Plan, et al.
            N.D. Cal. No. C 07-05305 MMC MED

Dear Counsel:

  As you know, I have been appointed by the District Court to serve as the mediator in this case under the court's Mediation program.  Please be sure to review carefully ADR L.R. 6 which governs the Mediation program.

  Much of my law practice involves ERISA litigation in the federal courts.  I have been in practice since 1987, and have been involved in ERISA litigation matters since 1990.  Prior to establishing my own firms, I practiced in San Francisco with Brobeck, Phleger & Harrison and Lillick & Charles.

  Pursuant to ADR L.R. 6-6, I will conduct a phone conference with all counsel before the formal mediation to discuss the following:

- the procedures to be followed;
- the nature of the case;
- appropriate dates for the mediation and anticipated length of the session;
- the parties who must be present under ADR L.R. 6-9 and the parties who need to be present to have a productive mediation session**;**
- ideas to improve the effectiveness of the mediation session or matters that could pose

Counsel of Record: *Broyles v. A.U.L. Corp.* (N.D. Cal. MMC)   Page 2 of 2
March 20, 2008

- impediments;
- requirements for your written mediation statements;
- any questions you might have about how I normally conduct mediations; and
- any questions you might have about the mediation program.

    I anticipate that the telephone conference will last approximately one-half hour. I have tentatively set the telephone conference for **TUESDAY, APRIL 1, 2008 AT 1:00 P.M.** I will appreciate it if plaintiff's counsel will contact my office by **Tuesday, March 25, 2008,** after conferring with defendants' counsel, either to confirm that all counsel are available for the telephone conference on April 1, 2008 at 1:00 p.m., or to convey alternative dates and times on which all counsel will be available.

    Before the telephone conference, please ascertain from your clients and any non-party insurers a selection of dates upon which the mediation may be conducted. The final date that the mediation can be held is May 29, 2008 based on the current scheduling order.

    My conflicts check revealed no actual or potential conflicts of interest under 28 U.S.C. §455(a) and (b), and I am not aware of any other circumstances that would compromise my impartiality or the appearance of impartiality. However, I regularly represent and/or advise plaintiffs, claimants, and beneficiaries with respect to matters involving claims against employee welfare benefit plans and/or insurance companies and/or other ERISA fiduciaries. I do not believe that such circumstances would prevent me from serving as an unbiased mediator in this case, and I do not understand them to require automatic disqualification under 28 U.S.C. §455(b). However, if these matters cause you or your clients concern about my ability to serve impartially, you are required to communicate your objection in writing to the ADR Unit within ten calendar days of your receipt of this letter. (See ADR L.R. 2-5(d)).

    It is possible that in the future I will be asked to advise and/or represent parties with claims or potential claims against some or all of the defendants. Accordingly I will require the parties to acknowledge in writing that they will not disclose to me any information that would give rise to grounds for my disqualification from acting as counsel in such a future matter, and that they will not directly or indirectly seek my disqualification on the basis of having acted as a mediator in this case.

    I look forward to assisting you on this case.

Sincerely yours,

Julian M. Baum

cc:    Clerk's Office-ADR Unit (via e-mail)