IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BROYLES, | No. 07-5305 MMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR DE NOVO STANDARD OF REVIEW; VACATING HEARING** |
| A.U.L. CORPORATION LONG-TERM DISABILITY INSURANCE PLAN, | |
| Defendant. | |

Before the Court is plaintiff's "Motion for De Novo Standard of Review," filed June 27, 2008, by which plaintiff seeks an order that the Court will review de novo defendant's decision to terminate plaintiff's long-term disability benefits. Defendant has filed opposition, to which plaintiff has replied. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, hereby VACATES the August 1, 2008 hearing on the matter,[1] and rules as follows.

Where, as here, an employee benefit plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), the plan administrator's decision to deny benefits

---

[1] The parties' stipulated request to continue the August 1, 2008 hearing, filed July 23, 2008, is hereby denied as moot.

1  "is to be reviewed under a de novo standard unless the benefit plan gives the administrator
2  . . . discretionary authority to determine eligibility for benefits or to construe the terms of the
3  plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  Where an
4  ERISA plan unambiguously confers discretionary authority on the plan administrator, a
5  denial of benefits under the plan is reviewed for abuse of discretion.  See Abatie v. Alta
6  Health Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006) (en banc) (citations omitted).

7  The parties here do not dispute that the language of the plan at issue confers
8  discretion on the plan administrator.  (See Pl.'s Mot. at 2:8-12, 5:6-8; Def.'s Opp'n at 9:7-
9  10.)  The plan at issue provides, in relevant part: "Except for those functions which the
10 Group Policy reserves to the Policyowner or Employer, we [the plan administrator] have full
11 and exclusive authority to control and manage the Group Policy, to administer claims, and
12 to interpret the Group Policy and resolve all questions arising in the administration,
13 interpretation, and application of the Group Policy."  (See Administrative Record ("AR") at
14 STND1149-00007.)  This language unambiguously confers discretion on the administrator.
15 See Bendixen v. Standard Ins. Co., 185 F.3d 939, 943 and n.1 (9th Cir. 1999).
16 Consequently, the plan administrator's benefit decision under the plan at issue will be
17 reviewed for abuse of discretion.  See Abatie, 458 F.3d at 963.

18 Contrary to plaintiff's argument, the existence of a structural conflict of interest does
19 not raise the standard to de novo review; rather, the standard of review remains deferential,
20 see Metropolitan Life Ins. Co. v. Glenn, 128  S. Ct. 2343, 2350 (2008), and the structural
21 conflict is considered as a "factor" to be "taken into account" along with any other relevant
22 factors, see id. at 2351; see also Abatie, 458 F.3d at 967 (holding evidence of structural
23 conflict of interest is weighed as part of abuse of discretion review).  Accordingly, the Court
24 will take any evidence of such structural conflict of interest into consideration when
25 conducting a review for abuse of discretion.

26 Further, the "procedural irregularities" cited by plaintiff, (see Pl.'s Reply at 2:25-26),
27 are not "so substantial as to alter the standard of review."  See Abatie, 458 F.3d at 971
28 (distinguishing Blau v. Del Monte Corp., 748 F.2d 1348 (9th Cir. 1984), wherein plan

administrator "kept the policy details secret from the employees, offered them no claims procedure, [ ] did not provide them in writing the relevant plan information," and, "in other words, . . . failed to comply with virtually every applicable mandate of ERISA"). Similarly, plaintiff fails to identify the type of "wholesale and flagrant violations of . . . procedural requirements" that are deemed to constitute a failure to exercise discretion. Cf. Abatie, 458 F.3d at 971-72 (holding "[benefits] decisions taken in wholesale violation of ERISA procedures do not fall within an administrator's discretionary authority"). Consequently, the "procedural irregularities" cited by plaintiff will be considered as a factor in the Court's review of the denial under the abuse of discretion standard. See id. at 972.

Lastly, the standard of review is not altered by the California Department of Insurance's issuance, in 2004, of a Notice by which the California Insurance Commissioner withdrew approval of various policy forms based on their inclusion of a discretionary clause.[2] As plaintiff acknowledges, the Notice does not apply retroactively. See Saffon v. Wells Fargo & Co. Long Term Disability Plan, 522 F.3d 863, 867 (9th Cir. 2008) (holding California law does not permit Insurance Commissioner to retroactively "nullify an ERISA plan's grant of discretionary authority"). Contrary to plaintiff's argument, however, a "new contract" was not formed when plaintiff obtained coverage under the plan in 2005. Rather, plaintiff's enrollment in the plan made her a beneficiary of the contract between plaintiff's employer and Standard Insurance Company, which contract became effective on January 1, 2000. (See AR at STND1149-00030.)   Plaintiff cites no authority, and the Court has located none, for the proposition that the addition of new insureds under an ERISA plan is the functional equivalent of the formation of a new contract.

**CONCLUSION**

Accordingly, for the reasons set forth above, plaintiff's motion is hereby DENIED. The Court will review the denial of plaintiff's claim for disability benefits for abuse of

---

[2] The Court hereby grants plaintiff's request for judicial notice of the "Notice to Withdraw Approval and Order for Information" issued February 27, 2004 by the California Department of Insurance. (See Pl.'s Req. for Judicial Notice Ex. A.)

discretion, taking into consideration any evidence of conflict of interest and procedural irregularities.

**IT IS SO ORDERED.**

Dated: July 28, 2008

                                        MAXINE M. CHESNEY
                                        United States District Judge